**In re Petition of John Bloch, Robert Fisher, et al. re: Washington Electric Cooperative, Inc.**

[340 A.2d 51]

No. 26-75

Present: Barney, C.J., Smith, Daley and Larrow, JJ., and Martin, Supr. J.

Opinion Filed April 14, 1975

*Ruben & Silverman,* Plainfield, for Petitioners.

*Reginald T. Abare, Esq.*, Barre, for Washington Electric Cooperative, Inc.

**Per Curiam.** Three of the nine trustees of the Washington Electric Cooperative, Inc., are acknowledged to be elected under a by-law of the cooperative that is in violation of the provisions of 30 V.S.A. §§ 3014 and 3015. These sections give an electric cooperative the option of electing all of its trustees annually or electing approximately half for two year terms each year.

A suit was brought by members of the cooperative to the Public Service Board asking, among other things, that the cooperative be ordered to bring its by-laws into compliance with the statutes previously noted. The Board took jurisdiction, noted the undisputed facts, and ordered that the cooperative take steps to amend its by-laws "in order that no trustee shall be serving in office in violation of the requirements of 30 V.S.A. §§ 3014 and 3015; . . . ."

The cooperative has asked this Court to declare this order beyond the authority of the Public Service Board. Under the statutes, such a position cannot be supported.

The Public Service Board has general superintendence of laws relating to public service corporations. 30 V.S.A. § 2; 30 V.S.A. § 203 (1). An electric cooperative is within the definition of companies subject to this superintendence. 30 V.S.A. § 201. Other statutes may be referred to, such as 30 V.S.A. §§ 208 and 209 relating to the filing of complaints having to do with violations of the law or unlawful acts with the Public Service Board. But of greatest impact is the repeal effective in 1970 of the provision 30 V.S.A. § 3039, which removed any exemption from the jurisdiction and control of the Public Service Board available until then to electric cooperatives.

The issue is not one of internal management as referred to in our cases. *Petition of New England Tel. & Tel. Co.*, 115 Vt. 494, 510, 66 A.2d 135 (1949) ; *Latourneau v. Citizens Utility Co.*, 125 Vt. 38, 41, 209 A.2d 307 (1965). It relates to compliance with organizational directives from the Legislature, an area fully delegable and properly within the scrutiny of a supervisory agency to whom such oversight is awarded by statute.

This case does not stand for the proposition that there may not be circumstances and occasions justifying and permitting resort to other tribunals with respect to cooperative wrongs. But the right of the Public Service Board to act and order as it did here is fully established under the law.

*Judgment affirmed. Let the result be certified to the Public Service Board for the designation of a new date for compliance with its order.*